IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO: 1:18-cv-00571

ISHMAEL LATEEF,

      Plaintiff,

  v.

B.J. BARNES, and
M.B. STEWART,

      Defendants.

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

Plaintiff, by and through his undersigned counsel, complains against Defendants as follows:

## I. INTRODUCTION

1. This is an action brought by Ishmael Lateef, an African-American business owner, to vindicate the deprivation of his Constitutional rights caused by oppressive police conduct and official indifference in the face of repeated instances of misconduct. Specifically, a Caucasian detective from the Guilford County Sheriff's Office barged into the private offices occupied by Plaintiff's business in search of a potential suspect. Plaintiff encountered the detective and asked his purpose and requested a copy of the search warrant authorizing his presence inside his private business. The detective refused to provide the search warrant and instead assaulted the Plaintiff. The detective then pulled his firearm against Plaintiff (who was unarmed) and brandished it in a threatening manner, was verbally abusive and used his firearm to emphasize his threats. The detective arrested Plaintiff for charges related to the encounter which Plaintiff was ultimately

acquitted. This detective had a history of questionable or actual misconduct, did not belong in contact with citizens, and should not have been in the field at the time of the incident.

## II. PARTIES

2.Plaintiff, Ishmael Lateef (hereinafter "Plaintiff"), is a citizen and resident of Guilford County, North Carolina.

3.Defendant B.J. Barnes is the duly elected Sheriff of Guilford County, North Carolina. Defendant Barnes is sued in both his individual and official capacities.

4.Defendant M.B. Stewart was, during the relevant time, employed by the Guilford County Sheriff as a detective. Defendant M.B. Stewart is sued in his individual capacity.

5.Defendants have waived government immunity through the purchase of insurance.

## III. JURISDICTION AND VENUE

6.This action arises in part under the Constitution and laws of the United States and is brought pursuant to 42 U.S.C. §§ 1983 and 1988. This action also arises in part under the United States Constitution, the North Carolina Constitution and the common law of the State of North Carolina.

7.This court has jurisdiction over the state law claims pursuant to N.C. Gen. Stat. §§ 7A-240 and 7A-243. This court also has concurrent jurisdiction over the federal claims. *See*, *e.g.*, *Haywood v. Drown*, 556 U.S. 729, 731 (2009).

8.Venue is proper in Guilford County pursuant to N.C. Gen. Stat. § 1-77 because the causes of action alleged in this Complaint arose in Guilford County.

# IV. FACTUAL ALLEGATIONS

9. Innovation Station LLC is a marketing firm with its principal place of business in Greensboro, North Carolina. Plaintiff is the firm's sole member and serves as its Chief Executive Officer.

10. During the relevant timeframe, Plaintiff's offices were located within an office complex at 3107 S. Elm-Eugene Street in Greensboro. The offices are private and not set up for public or walk-in access.

11. Innovation Station was involved in direct marketing of AT&T services. Its business model relied upon its marketing executives and/or salesman by going from door to door to contact existing AT&T customers regarding potential upgrades or additional services.

12. Jeffrey Taylor Klutz was employed by Innovation Station as a junior marketing executive. In August 2016, while Mr. Klutz was pursuing sales leads, two deputies from the Guilford County Sheriff's Office stopped him and told him that they were investigating a break-in. They asked for ID, and asked to search Mr. Klutz's person and car, and he agreed. After the search, they told Mr. Klutz that he was free to go. Mr. Klutz continued working, calling on his leads.

13. Approximately three days later, Defendant Stewart arrived unannounced at Innovation Station's offices and asked to speak to Plaintiff. Plaintiff escorted Defendant Stewart into his office and closed the door.

14. Defendant Stewart informed Plaintiff that the police had a video of Mr. Klutz and two other employees, Malcom Duckett and Jihad Lateef, and that Stewart needed to speak to all three of them, who were on the premises for work.

3

15. Plaintiff agreed to make all three employees available to Deputy Stewart, but then the questioning was only addressed to Mr. Klutz. Mr. Lateef challenged Deputy Stewart's allegations because those three employees did not go out in the field with one another. Mr. Lateef also questioned that if he had Mr. Klutz on camera as he stated, why was he not being arrested. Deputy Stewart then told Mr. Lateef that he needed to keep quiet and quit asking questions.

16. When Defendant Stewart began questioning Mr. Klutz, the questions did not relate to the information the deputy had given Plaintiff when he asked permission to speak with Mr. Klutz on company time. Therefore, Mr. Klutz and Plaintiff agreed that unless Mr. Klutz was under arrest the conversation on company time was over. Deputy Stewart asked for Mr. Klutz's address and Mr. Lateef gave him the work address. Deputy Stewart did not like the response and threatened to call AT&T and let them know that Mr. Lateef had thieves working for him selling their product.

17. After Defendant Stewart interviewed Mr. Klutz at Innovation Station's offices on or around August 30, 2016, two deputies, one being Defendant Stewart, approached Mr. Klutz in the field while he was working for Innovation Station. The deputies asked if they could take him in for questioning. Because he was working at the time, Mr. Klutz called Plaintiff to inform him of the situation. Although the deputies informed Mr. Klutz that he was not under arrest, they then proceeded to follow him while he was attempting to complete his sales appointments. Because he could not complete any sales calls with the deputies in tow, Mr. Klutz was going to be forced to return to the office. The officers finally quit following Mr. Klutz, and he was able to continue with his appointments.

18. On September 2, 2016, Defendant Stewart entered Innovation Station's corporate offices unannounced stating that he needed to speak with Taylor. Mr. Lateef heard Deputy Stewart come in the office and stepped out to greet him.

19. Defendant Stewart demanded to see Mr. Klutz. Plaintiff informed the deputy that Mr. Klutz was in a training meeting and that he would need to come back later. Defendant Stewart then replied that "it doesn't work that way, if you don't go and get him, I will find him myself." At that time, Mr. Lateef's cell phone rang and he answered it. While Mr. Lateef was on the phone, Defendant Stewart began looking in open doors. At that point, Mr. Lateef moved and stood in the closed doorway to the training room and repeatedly told the deputy that he needed to leave.

20. After Defendant Stewart refused to leave, Plaintiff asked Stewart if he had a warrant and to let him see it. Plaintiff stood his ground in the doorway and again asked to see the warrant. Defendant Stewart pulled out his phone and waved the phone at Plaintiff and then began to shout and tell Plaintiff to move aside from his own office door.

21. Defendant Stewart then told Plaintiff to move or he would move him. Again, Plaintiff asked for the warrant to enter his premises. Stewart then attacked Plaintiff, picking him up and slamming him into the wall adjacent to the doorway hitting him the right rib, right jaw, and twice in the head and shoulder area. Plaintiff did not return the blows, but attempted to get away from the pummeling and yelled for help, while getting hit from behind.

22. Plaintiff's sales staff responded to his calls for help, shouting at Defendant Stewart to stop and began filming the attack with their cell phones. In response to being filmed, Defendant Stewart drew his handgun and pointed at the employees and Plaintiff, and threatened to shoot anyone that moved.

5

Case 1:18-cv-00571-TDS-LPA   Document 1   Filed 06/29/18   Page 5 of 17

23. Deputy Stewart kept repeating that Plaintiff was under arrest, and when asked why, responded that it was for "interfering with his investigation."

24. Moments later, while holding the employees of Innovation Station at gun point, around a dozen officers flooded into the offices. Plaintiff and Mr. Klutz were removed from the building and taken to jail.

25. While removing Plaintiff and Mr. Klutz from the offices, officers physically barred the doors to prevent Innovation Station employees from leaving the building to witness the remainder of the arrests (and to prevent them from continuing to film potential police misconduct).

26. While being held at the Guilford County Detention Center, the deputies informed Plaintiff that he was being charged with interfering with an arrest and assault of a police officer. Plaintiff informed the deputies that those charges were incorrect, as Defendant Stewart assaulted Plaintiff because he would not acquiesce to Stewart's unlawful demand to be allowed into Plaintiff's place of business.

27. Plaintiff was taken to the hospital and examined, and his injuries were photographed.

28. The Sheriff's Office later issued a press release stating that Plaintiff had assaulted Defendant Stewart and that Defendant Stewart had sustained injuries. These statements were not true.

29. Plaintiff was eventually found not guilty of the charges against him and the charges against Mr. Klutz were dropped.

## V. CLAIMS FOR RELIEF

### FOR A FIRST CAUSE OF ACTION
**42 U.S.C. § 1983 – Arrest without Probable Cause in Violation of the Fourth and Fourteenth Amendments**
(Against Defendant Stewart in his Individual Capacity)

6

30. Plaintiff reiterates and realleges each and every paragraph above as if set forth fully herein.

31. Plaintiff was arrested without a warrant and charged with the assault of Defendant Stewart when, in fact, no assault of Defendant Stewart occurred. Rather, Plaintiff did no more than reflexively attempt to shield himself from Defendant Stewart's unlawful attack. Defendant Stewart fabricated this charge in a post-hoc attempt to legitimize his unlawful actions.

32. Plaintiff was also charged with unlawfully resisting, delaying, or obstructing Defendant Stewart in his attempt to effect the arrest of Mr. Klutz. However, there was no unlawful action by Plaintiff because Plaintiff was within his rights to refuse admittance to his private offices.

33. Defendant Stewart had no warrant in his possession that would have justified his forced entry into the Plaintiff's private offices. At most, an arrest warrant existed (but was not brought along by Defendant Stewart) for Mr. Klutz, which provided no authority to invade Plaintiff's private offices. In any event, the arrest warrant regarding Mr. Klutz was ruled to be invalid by the court for want of probable cause—further undermining Defendant Stewart's purported justification for forcing entry into Plaintiff's private offices.

34. Because no assault occurred, and because Plaintiff was within his rights in refusing Defendant Stewart admittance, probable cause was lacking for Plaintiff's arrest. Thus, Plaintiff's arrest was in violation of the Fourth Amendment's prohibition against unreasonable seizures.

35. This was compounded when Defendant Stewart not only continued the prosecution without probable cause, but added an additional fabricated charge in an effort to justify his actions. This is a distinct violation of the Fourth and Fourteenth Amendments.

36. No reasonable police officer in Defendant Stewart's position could have believed that an invalid arrest warrant for a third party would have provided authority for him to force entry into the private offices of another person without a valid search warrant.

37. Because of Defendant Stewart's unlawful actions described above, Plaintiff has endured humiliation, embarrassment, and mental anguish. Plaintiff has also incurred the costs of mounting a criminal defense against unwarranted charges. Further, Plaintiff lost business income and has had his company's goodwill impaired. In consequence, Plaintiff is entitled to compensatory and punitive damages and attorneys' fees and costs.

### FOR A SECOND CAUSE OF ACTION
**42 U.S.C. § 1983 – Excessive Force in Violation of the Fourth and Fourteenth Amendments**
(Against Defendant Stewart in his Individual Capacity)

38. Plaintiff reiterates and realleges each and every paragraph above as if set forth fully herein.

39. Defendant Stewart threw Plaintiff against the wall and struck him about the face/head and body multiple times for no reason other than that Plaintiff dared to request of copy of a valid search warrant to enter his private business premises.

40. Defendant Stewart then pulled his firearm against Plaintiff and used it to threaten Plaintiff to "come here!"

41. Plaintiff was not guilty of any crime at the time the beating commenced and when Defendant Stewart pulled his firearm, and was not unlawfully impeding any action by Defendant Stewart. Plaintiff was unarmed and was not a threat to Defendant Stewart, who is physically much larger than Plaintiff.

42. Defendant Stewart's actions in employing force against Plaintiff were entirely gratuitous and unnecessary—and thus excessive under the Fourth and Fourteenth Amendments.

Furthermore, as a tenant with the exclusive right of entry upon his premises, Plaintiff's request for a search warrant was reasonable.

43. Because of the excessive nature of the force used, Plaintiff endured pain and suffering, and was forced to seek medical treatment. In consequence, Plaintiff is entitled to compensatory and punitive damages and attorneys' fees and costs.

### FOR A THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 – Unreasonable Search in Violation of the Fourth and Fourteenth Amendments
(Against Defendant Stewart in his Individual Capacity)

44. Plaintiff reiterates and realleges each and every paragraph above as if set forth fully herein.

45. On at least two occasions, Defendant Stewart entered Plaintiff's private place of business without a search warrant, consent, or any exigent circumstances. The first instance is found in Defendant Stewart's police report, where he indicates he went into the offices on 8/31/16 in search of Mr. Klutz, "but no one was at the business." Because no one was present, Plaintiff cannot be certain of the scope of the search by Defendant Stewart on this visit.

46. The second instance was the search that ended with Plaintiff's arrest. As alleged above, Defendant Stewart did not have a search warrant, consent, or any exigent circumstances for forcing his way into Plaintiff's private offices to search for Mr. Klutz.

47. These two searches constitute separate unreasonable searches under the Fourth and Fourteenth Amendments.

48. Based on the unreasonable searches, Plaintiff is entitled to compensatory and punitive damages and attorneys' fees and costs.

9

## FOR A FOURTH CAUSE OF ACTION
**42 U.S.C. § 1983 – Retaliatory Arrest in Violation of the First and Fourteenth Amendments**
(Against Defendant Stewart in his Individual Capacity)

49. Plaintiff reiterates and realleges each and every paragraph above as if set forth fully herein.

50. During each of his interactions with Defendant Stewart, Plaintiff displayed and voiced a knowledge of his rights and declared an intent to assert those rights.

51. Plaintiff exercised his constitutionally protected right to question law enforcement and/or engaged in protected speech related to the constitutional rights of citizens with respect to searches of their property by the police and objectionable police conduct.

52. Defendant Stewart arrested Plaintiff in retaliation for exercising his right to refuse an unlawful search or otherwise question unlawful police conduct. Because of Defendant Stewart's unlawful actions described above, Plaintiff has endured humiliation, embarrassment, and mental anguish. Plaintiff has also incurred the costs of mounting a criminal defense against unwarranted charges. Further, Plaintiff lost business income and has had his company's goodwill impaired. In consequence, Plaintiff is entitled to compensatory and punitive damages and attorneys' fees and costs.

## FOR A FIFTH CAUSE OF ACTION
**42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Hiring, and Training in violation of the Fourth and Fourteenth Amendments**
(Monell Claim Against Defendant Barnes in his Official Capacity)

53. Plaintiff reiterates and realleges each and every paragraph above as if set forth fully herein.

54. Defendant Barnes is the policymaker responsible for establishing, enforcing, directing, and controlling the policies, customs, practices, and procedures relative to law enforcement within Guilford County.

55. Prior to the events described in this Complaint, and during his tenure with the Guilford County Sheriff's Office, Defendant Stewart has been involved in at least twelve (12) instances of questionable conduct or allegations of misconduct. These include seven (7) instances involving allegations of excessive force (including one instance where he shot a "dangerous" goat). These also include at least one instance where Defendant Stewart was accused of posting racist content on his Facebook page.

56. In fact, Defendant Stewart has been previously sued for false arrest and excessive force while he was acting as a bailiff for Guilford County Sheriff's Office. Defendant Barnes was also named in that suit.

57. Upon information and belief, Defendant Stewart was terminated or drummed out from previous law enforcement employment before coming to work for Guilford County Sheriff's Office. Also upon information and belief, Defendant Stewart was only assigned as a bailiff as a disciplinary measure for past misconduct.

58. While each of these instances, in isolation, may not have warranted discipline, Defendant Stewart's overall history was sufficient to put Defendant Barnes on actual notice of the need for different or additional training or discipline.

59. Despite having actual notice of his past history of misconduct, Defendant Barnes has deliberately decided not to offer additional or different training or discipline to Defendant Stewart.

60. This decision not to offer additional or different training or discipline to Defendant Stewart represents an official policy or custom of the Defendant.

61. This decision made it inevitable that Defendant Stewart would eventually act as alleged in this Complaint.

11

62. Because of Defendant's unlawful actions described above, Plaintiff has endured pain and suffering, humiliation, embarrassment, and mental anguish. Plaintiff has also incurred medical expenses and the costs of mounting a criminal defense against unwarranted charges. Further, Plaintiff lost business income and has had his company's goodwill impaired. In consequence, Plaintiff is entitled to compensatory damages and attorneys' fees and costs.

### FOR A SIXTH CAUSE OF ACTION
**42 U.S.C. § 1983 – Supervisory Liability**
(Against Defendant Barnes in his Individual and Official Capacities)

63. Plaintiff reiterates and realleges each and every paragraph above as if set forth fully herein.

64. As described above, Defendant Stewart had numerous allegations of misconduct and excessive force lodged against him prior to the events described in this Complaint.

65. Defendant Barnes had actual knowledge of these complaints because he was named as a co-defendant in a previous lawsuit against Stewart.

66. As alleged in the previous cause of action, Defendant Barnes took no action, or no effective action, to prevent further instances of misconduct by Defendant Stewart.

67. Because of Defendants' unlawful actions described above, Plaintiff has endured pain and suffering, humiliation, embarrassment, and mental anguish. Plaintiff has also incurred medical expenses and the costs of mounting a criminal defense against unwarranted charges. Further, Plaintiff lost business income and has had his company's goodwill impaired. In consequence, Plaintiff is entitled to compensatory and punitive damages and attorneys' fees and costs.

## FOR A SEVENTH CAUSE OF ACTION
### False Arrest/Imprisonment
(Against Defendant Barnes in his Official Capacity and
Defendant Stewart in his Individual Capacity)

68. Plaintiff reiterates and realleges each and every paragraph above as if set forth fully herein.

69. As alleged with respect to the First Cause of Action above, Defendant Stewart lacked probable cause to arrest Plaintiff. This constitutes false arrest.

70. Because of Defendant Stewart's unlawful actions described above, Plaintiff has endured humiliation, embarrassment, and mental anguish. Plaintiff has also incurred the costs of mounting a criminal defense against unwarranted charges. Further, Plaintiff lost business income and has had his company's goodwill impaired. In consequence, Plaintiff is entitled to compensatory and punitive damages and attorneys' fees and costs.

## FOR AN EIGHTH CAUSE OF ACTION
### Malicious Prosecution
(Against Defendant Barnes in his Official Capacity and
Defendant Stewart in his Individual Capacity)

71. Plaintiff reiterates and realleges each and every paragraph above as if set forth fully herein.

72. As alleged with respect to the First Cause of Action above, Defendant Stewart not only lacked probable cause to arrest Plaintiff, but added a fabricated charge and continued the prosecution. Plaintiff was acquitted of the charges. This constitutes malicious prosecution.

73. Because of Defendant Stewart's unlawful actions described above, Plaintiff has endured humiliation, embarrassment, and mental anguish. Plaintiff has also incurred the costs of mounting a criminal defense against unwarranted charges. Further, Plaintiff lost business income

and has had his company's goodwill impaired. In consequence, Plaintiff is entitled to compensatory and punitive damages and attorneys' fees and costs.

### FOR A NINTH CAUSE OF ACTION
**Assault**
(Against Defendant Barnes in his Official Capacity and
Defendant Stewart in his Individual Capacity)

74. Plaintiff reiterates and realleges each and every paragraph above as if set forth fully herein.

75. Defendant Stewart's actions during the encounter with Plaintiff, including pointing and presenting a firearm, and striking Plaintiff numerous times were intentional. His actions created in Plaintiff a reasonable apprehension of immediate harm, and actually caused Plaintiff physical harm.

76. Based on this assault, Plaintiff is entitled to compensatory and punitive damages and attorneys' fees and costs.

### FOR A TENTH CAUSE OF ACTION
**Battery**
(Against Defendant Barnes in his Official Capacity and
Defendant Stewart in his Individual Capacity)

77. Plaintiff reiterates and realleges each and every paragraph above as if set forth fully herein.

78. Defendant Stewart's actions constituted harmful and offensive touching for which Stewart had no lawful justification.

79. Because of this battery, Plaintiff endured pain and suffering, and was forced to seek medical treatment. In consequence, Plaintiff is entitled to compensatory and punitive damages and attorneys' fees and costs.

14

## FOR AN ELEVENTH CAUSE OF ACTION
### Defamation
(Against Defendant Barnes in his Official Capacity and
Defendant Stewart in his Individual Capacity)

80. Plaintiff reiterates and realleges each and every paragraph above as if set forth fully herein.

81. Defendant Stewart falsely accused Plaintiff, to his employees, of being guilty of a crime during the course of his arrest.

82. In addition, the Sheriff's Office issued a false press release accusing Plaintiff of assaulting Defendant Stewart and alleging that Stewart was injured.

83. These defamatory statements have caused significant harm to Plaintiff's business and reputation in the community. In consequence, Plaintiff is entitled to compensatory and punitive damages and attorneys' fees and costs.

## FOR A TWELFTH CAUSE OF ACTION
### Trespass
(Against Defendant Stewart in his Individual Capacity)

84. Plaintiff reiterates and realleges each and every paragraph above as if set forth fully herein.

85. Defendant Stewart had no valid search warrant, in fact, no search warrant at all, at the time that he entered the private business premises of the Plaintiff.

86. Plaintiff, having leased the premises, is entitled to the right of exclusive possession and control over the premises.

87. Defendant Stewart was not authorized to be on the premises and was not invited into the premises or otherwise given permission to be inside the premises/offices/building.

88. Defendant Stewart knew or reasonably should have known that he did not possess authority to be on the premises of Plaintiff's private business.

89. Defendant Stewart's actions amount to a trespass in violation of Plaintiff's rights and Plaintiff has been damaged as a result of the trespass as will be proven at trial.

## FOR A THIRTEENTH CAUSE OF ACTION
**(Negligence)**
(Against Defendant Barnes in his Official Capacity and Defendant Stewart in his Individual Capacity)

90. Plaintiff reiterates and realleges each and every paragraph above as if set forth fully herein.

91. Defendants Barnes and Stewart owed Plaintiff a duty of care to perform the duties of their respective commands in a manner that would not, directly or indirectly, unlawfully assault, batter, harm, oppression, defame, harass, and otherwise subject Plaintiff to the conduct alleged in this Complaint.

92. Defendants Barnes and Stewart breach their duties to Plaintiff as alleged within this Complaint.

93. Defendants' breach proximately caused Plaintiff to be harmed.

94. The harms suffered by Plaintiff include but are not limited to physical injuries, damage to his reputation and the reputation of his various businesses, and lost profits.

95. Plaintiff is entitled to recover these damages as will be proven and recovered at trial.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, Plaintiff prays for judgment in his favor for compensatory and punitive damages, for attorneys' fees and costs, and for such other relief as the court deems just and proper.

Respectfully submitted,

/s/ Stanley B. Green
Stanley B. Green
NC Bar No. 25539
Jack M. Strauch
N.C. Bar No. 22341
STRAUCH GREEN & MISTRETTA, P.C.
911 Paverstone Drive, Suite F
Raleigh, NC 27615
Direct Telephone: 704-564-9878
Office Telephone: 919-278-7453
sgreen@sgandm.com
jstrauch@sgandm.com

*Counsel for Plaintiff*

June 29, 2018